**Harry Theodore KATZ and all Others Similarly Situated, Plaintiffs,**

v.

**Alfred LERNER, Individually and in his Official Capacity, Defendant.**

No. 87 CV 3235.

United States District Court,
E.D. New York.

June 7, 1989.

Harry Theodore Katz, Rockaway Beach, N.Y., pro se.

Robert Abrams, Atty. Gen., New York City for defendant by Lisa M. Evans, Asst. Atty. Gen.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

Defendant brings this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant also raises the doctrine of judicial immunity as grounds for dismissal as defendant is a justice on the Supreme Court, State of New York, Queens County. Mr. Justice Lerner also serves as an administrative judge pursuant to Judiciary Law § 212(1)(d) (McKinney's 1989). Plaintiff alleges defendant, in his administrative capacity, has a policy, practice and custom of gross negligence which deprived plaintiff and other plaintiffs who brought civil actions in Supreme Court, Queens County of their property interests without due process. Plaintiff seeks declaratory, injunctive and monetary relief pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

## DISCUSSION

Plaintiff argues that judicial immunity does not apply here as he is suing defendant for his "administrative" acts not his "judicial" acts. Plaintiff argues that defendant failed to properly carry out his administrative functions by "allowing judges under his line supervision, to accept flagrant perjury by defendants as an instrumentality for disposing of civil cases and reducing their workload." (Plaintiff's Memorandum of Law, p. 5). Plaintiff terms his theory "supervisiory liability."

Plaintiff is correct in pointing out that judges are not absolutely immune to civil suit by virtue of their status as judges but rather it is the nature of the act performed which determines the extent of immunity. The United States Court of Appeals for the Second Circuit has held that "a judge who performs a judicial act in excess of his or her jurisdiction is immune to civil suit; a judge who acts in clear absence of jurisdiction is not." *Maestri v. Jutkofsky*, 860 F.2d 50, 52 (2d Cir.1988). This distinction is inapplicable here as plaintiff is complaining that Mr Justice Lerner failed to act not that he acted in the clear absence of jurisdiction. Likewise, as plaintiff argues, the United States Supreme Court has found

an intelligible dinstinction between judicial acts and the administrative, legislative, or executive functions that judges may on occasion be assigned to perform

by law ... [a]dministrative decisions, even though they may be essential to the very functioning of the courts, have not similarly been regarded as judicial acts. *Forrester v. White*, 484 U.S. 219, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988).

The basis of plaintiff's complaint and argument against judicial immunity in this case is that Mr. Justice Lerner, as an Administrative Judge, did not monitor the adjudication of all non-jury civil trials in Supreme Court, Queens County and intervene in those trials where he believed there was perjury by defendants and "punish" those judges whom he believes "allowed" perjured testimony or written statements at non-jury trials. While plaintiff considers this a "supervisory" and thus administrative function we disagree and hold the "allowing" of perjured testimony and written statements to be an adjudicatory function solely within the province of the Trial Judge as the trier of the fact in non-jury trials. Furthermore, review of the decisions of trial judges is within the province and power of the appellate courts and not of administrative judges. Defendant, therefore, even in his capacity as an administrative judge, does not have the authority to do what plaintiff alleges he has failed to do.[1] The Supreme Court, Appellate Division, Second Department has held that

> there is no provision contained in any such law [constitutional and statutory provisions] which expressly or impliedly permits the delegation to an Administrative Judge of the power to supersede, overrule, control, or aid a Trial Judge in carrying out his adjudicative responsibilities. Delegation of administrative powers to a judge is limited and does not increase the judicial power or authority of such Administrative Judge as to give him authority to overrule decisions made by other judges in cases properly assigned to them, or to make decisions for such other judges.

*Balogh v. H.R.B. Caterers, Inc.*, 88 A.D.2d 136, 452 N.Y.S.2d 220, 226 (1982).

**CONCLUSION**

As we find defendant lacks authority to do what plaintiff claims he has failed to do and seeks to compel him to do, we will not discuss the alleged deficiencies of plaintiff's claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988 as set forth in defendant's Memorandum of Law. Defendant's motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is therefore granted as plaintiff has failed to state a claim upon which relief may be granted.

SO ORDERED.

---

1. It is interesting to note Mr. Justice Lerner, in his capacity as Trial Judge, would have judicial immunity for the very acts which plaintiff seeks to compel Mr. Justice Lerner to perform in his capacity as an Administrative Judge.